UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES V. WARD, III,
        Plaintiff,

v.

CITY OF LANSING, *ET AL.*,
        Defendants.

)
)
)
)
)
)
)
)
)

No. 1:24-cv-364

Honorable Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Green's Report and Recommendation **(R&R)**, (ECF No. 80), in which he recommended that Defendants Church, Siemon, and Nichol's motions to dismiss, or in the alternative for summary judgment, be granted, (ECF Nos. 63, 65), and that Plaintiff's motions to dismiss without prejudice be denied, (ECF Nos. 70, 73). Plaintiff objected to the R&R. (ECF No. 82). After reviewing the objections, the Court finds no error in the Magistrate Judge's analysis. The R&R will thus be adopted in full, Defendants' motions will be granted, and Plaintiff's motions will be denied.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). The Court's Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable factfinder could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make

all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025).

II.

Plaintiff filed the complaint in the present case asserting that several defendants violated his rights in connection with his arrest and incarceration on state charges in 2021. Defendant Nichol was Plaintiff's public defender. Plaintiff asserts that Defendants Church and Siemon were involved because Nichol was appointed based on a contract involving them and the City of Lansing. In the R&R, Judge Green recommended that Plaintiff's malicious prosecution claim against the remaining Defendants be dismissed for failure to state a claim, and that summary judgment be granted to Defendants on Plaintiff's legal malpractice claim.

Plaintiff does not identify any part of the R&R in his objections—at all. Nothing in his objections could thus properly be the basis for rejecting Judge Green's analysis. Plaintiff does "ask the court to . . . allow plaintiff to go on with this case or allow to refile this case," (ECF No. 82 at PageID.734), but that broad objection to the outcome rather than to any particular analysis or finding in the R&R is not specific enough. *See Miller*, 50 F.3d at 380.

Plaintiff uses the remainder of his objections to make vague proclamations about the purpose of government, the powers of corporations, and the principles in the Magna Carta. (*See* ECF No. 82 at PageID.735-36). To the extent these constitute legal arguments, Plaintiff does not explain their relevance to anything in this case or the R&R. Plaintiff thus identifies no error in the R&R, and it will be adopted in full.

3

## III.

Plaintiff fails to identify any error in the R&R. Plaintiff's arguments in his objections are not related to Judge Green's analysis in any meaningful way. The R&R (ECF No. 80) is thus **ADOPTED IN FULL.** Defendants' motions (ECF Nos. 63, 65) are **GRANTED**, and Plaintiff's motions (ECF Nos. 70, 73) are **DENIED.**

**IT IS SO ORDERED.**

Date:　March 31, 2026　　　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　United States District Judge

4